QUONG TUNG FOOK v. DIRECTOR OF IMMIGRATION AND NATURALIZATION.

No. 6269.

District Court, D. Massachusetts.

Nov. 22, 1940.

James H. Brennan, of Boston, Mass., for petitioner.

Edmund J. Brandon, U. S. Atty., and William J. Koen, Sp. Asst. U. S. Atty., both of Boston, Mass., for respondent.

BREWSTER, District Judge.

This petition for writ of habeas corpus is brought on behalf of Quong Tung Fook, who seeks admission into the United States as the son of Fong Quong Kee, a citizen.

The Department of Labor refused admission, although conceding citizenship of the alleged father. It must also be conceded, on the record before the court, that Fong Quong Kee had earlier claimed a son who was born in September, 1925.

The pivotal controversy is whether the applicant is this son, and that question turns upon the age of the applicant.

The Board of Special Inquiry found that he was much older than 14½ years at the time of his examination in February, 1940. This conclusion was based upon medical testimony, including interpretation of radiographs of applicant's skeletal development.

The medical opinion most favorable to the applicant was that he was "definitely beyond the fifteenth year." Other medical testimony was to the effect that he was between 18 and 20 years of age. It was conceded that there was a resemblance between the applicant and his alleged father,

and the record disclosed no material discrepancies in their testimony.

Apparently the Board of Special Inquiry and the appellate board allowed the medical evidence to outweigh the resemblance and the consistencies of the testimony. A judicial tribunal might well question the propriety of this course if it had jurisdiction in the premises, especially in view of the well-known difficulty in accurately determining the age of one of the Chinese race.

■ If the Immigration Department, however, saw fit to let the medical evidence control, there was such evidence of a sufficiently substantial nature to warrant the conclusion reached. It is too firmly established to need citation that this court, in reviewing the administrative acts of the Immigration service, cannot weigh the evidence.

■ Applicant stresses a statement appearing in the summary of the evidence by the chairman of the Board of Special Inquiry that he "was not satisfied that the claimed relationship has been established beyond a reasonable doubt." This statement implies a burden of proof beyond that which the law demands of one asking admission to the United States. It was made after the hearing had been concluded and did not prevent a full and fair investigation. The error was corrected by the Board of Appeals, which found as a fact "on all the evidence adduced at the hearing" that the relationship had not reasonably been established by the evidence. The misconception of the applicant's burden of proof by the chairman of the Board of Special Inquiry does not alter the established rule that the administrative proceedings must stand if there is any substantial evidence to warrant the conclusion reached and the proceedings were not arbitrary and unfair.

■ Since there is no suggestion that the proceedings before the Board of Special Inquiry or before the Board of Appeal were arbitrarily or unfairly conducted and, since the finding of the Board of Appeal that the relationship had not been established is supported by substantial evidence, this court is powerless to interfere in habeas corpus proceedings.

Petition denied.